**PC SCAN**

IN THE ... DISTRICT ...

FOR THE NORTHERN DISTRICT OF ILLINOIS

**RECEIVED**

**CR**

10/5/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Dakir Pickens

v.

Dr. kul Sood

Warden.David Gromez

Wexfor Health sources,Inc

John/Jane Doe #1

John/Jane Doe # 2

John/Jane Doe #3

CASE NO.

Jury trial Demanded

**1:21-CV-05294**

JUDGE DURKIN
MAGISTRATE JUDGE VALDEZ
PC11

### I. complaint

Plaintiff Dakir Pickens, Pro se, for his complaint states as follows:

### II. Parties, Jurisdiction and venue

Plaintiff Dakir Pickens was confined as a inmate at stateville/NRC (NORTHERN RECEPTION CENTER) located at P.O. BOX 112, JOLiet,IL 60434 from 12-9-20 to 3-1-21., Plaintiff is currently confined at Illinois River correctional center P.O. Box 999, Canton,IL 61520.

Plaintiff Dakir Pickens is and was at all times mentioned herein a adult citizen of the united states and a resident of the state of Illinois.

Dr. kul sood was at all relevant times herein a medical Physician employed at stateville/NRC

1

Warden. David Gromez was at all relevant times herein cheif administrative officer of Northern recep-tion and classification center (stateville/NRC) the chief administrative officer is responsible for overall operation of the facility, and the supervision and protection of its offenders assigned to the institution

Wexford Health sources.Inc was at all times relevant herein as a contractor for the Illinois Department of corrections, responsible for providing adequate medical care.

John/Jane Doe #1 was at all times relevant herein a state employee employed with the Illinois Depart-ment of corrections.

John/Jane Doe #2 was at all times relevant herein a state employee employed with the Illinois Depart-ment & corrections.

John/Jane Doe #3 was at all times relevant herein a state employee employed with the Illinois Departm-ent of corrections.

This action arises under and is brought pursuant to 42 U.S.C 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eight amendment to the united states constitution, the court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3)

The Northern District of Illinois is an appropriate venue under 28 U.S.C Section 1391(b)(2) because it is where the events giving rise to this claim occured.

Plaintiff claims for punitive, nominal and compensatory relief authorized by Rule 65 of the federal rules of civil procedure.

III   Previous lawsuits by Plaintiff
Plaintiff has filed three other complaints in the united states district court involving his incarceration but not dealing with the same set of facts.

Complaint #1: Pickens v. Martin et al, 2:20-cv-02079 - JES, Central district, An agreement between the two parties was reached, Judge James Shadid was the sitting Judge, Fourteenth and Eighth amend -ment claim.

Complaint # 2: Pickens v. Heuerman et al, 2:20-cv-02213-JBM, Central district, An agreement between the two parties was reached, Judge Joe Billy McDade was the sitting Judge, First amendment claim.

complaint # 3: Pickens v. Marlin et al, 2:20-cv-02189-MMM, Central district, Pending, Judge Michael M. Mihm is the sitting Judge, fourteenth amendment claim.

IV. Exhaustion of Administrative remedies

Plaintiff has exhausted his administrative remedies by filing grievances, certain steps of the grievance procedure were made unavailable by staff a stateville/NRC, upon the plaintiff's transfer to Illinois River correctional center the plaintiff wrote and submitted a inquiry to staff at stateville/NRC requesting all relevant grievances pertaining the said issue, the Plaintiff submitted two grievances while at stateville/NRC in regards to the said issue (one grieving the initial incident and the other grieving medical personel's deliberate ind.fference), staff at stateville/NRC impeded on the plaintiff's ability to exhaust his administrative remedies by only sending him on grievance, which was the grievance in which explains the initial incident (see Exhibit A), when staff at stateville/NRC sent the plaintiff the said

grievance it had already been pass the allowed timeframed of the Illinois administrative code per section 504.830 Labeled "Grievance procedures" (see Exhibit -D), when the plaintiff was sent one of two griev -ances pertaining the current issue he gave the grievance (#N3753) to a Illinois River C.C. Counselor (via grievance box/grievance procedure) expecting guidance on the Stateville/NRC Counselor's failure to return the grievance in timeframe outlined by Department Rule, But the IRCC counselor mistakenly processed the grievance instead of marking the "outside of this facility jur -isdiction" Box (again See Exhibit A), as said the IRCC counselor who processed the grievance is rela -tively new to the position and must have not known grievances must be sent to the Administat -ive Review board upon inmate transfer, on the date of 6-25-21 the plaintiff appealed grievance (#N3753 to the Administrative Review board, On the date of 7-1-2 the grievance appeal was recieved by the Administra -tive Review board and subsequently reviewed and denied on the date of 7-14-21 (see Exhibit C) due to the appeal not being submitted in the timeframe outlined in Department rule 504, although it was apparent that staff at Stateville/NRC improperly processed grievance #N3753 the

Administrative Review board member Adewale Kuforiji
failed to see stateville/NRC staff's violation of
Department Rule 504.830, following the said denial
the Plaintiff submitted yet another inquiry in regar
-ds to grievance #N3753 being improperly process
-ed (see Exhibit E). The plaintiff never recieved a
response to this inquiry. The plaintiff has yet
to recieve his other said grievance in which he
was grieving medical Personel's deliberate indiffer
-ence.

## V Statement of Claim

At all relevant times herein Defendants were
"persons" for purposes of 42 U.S.C section
1983 and acted under color of law to deprive
Plaintiff of his constitutional rights, as
set more fully ahead.

## VI    Statement of facts
## Deliberate Indifference

1. On the date of 12-9-20 the plaintiff arrived to stateville /NRC (Northern reception center) as a offender in the custody of IDOC (ILLinois Department of corrections), after being processed the plaintiff was assigned to Cell V106 of Stateville/NRC.

2. On the night of 12-11-20 while sleep in cell V106 a bug what I soon found out to be a cockroach crawled into my right ear, upon scrambling to remove the vermin out of my ear a piece of the cockroach became lodged in my ear causing a sharp which eventually began to cause me a headache.

3. The same night (12-11-20) at med pass I notified a female nurse and a Black female correctional officer of the vermin stuck in my right ear in which I was told that there was no ear cleaning tools available at the moment and was instructed to fill out a request form (which I did).

4. The next morning of 12-12-20 I was awaken by the same sharp pains and raging headaches, I immediately filled out another request form and made first shift office aware of the pain I was in at the ▓▓▓ time, Another

Black Female correctional officer (of whom I cannot Identify at the moment) told me she would let the nurse know of my pain when she arrived.) upon the nurses arrival at about 9pm or so I reminded the female correctional of the vermin in my ear, at that point I observed the nurse writing something down while proceeding to walk away.

5. At aproximately 10:00 p.m. the Black female correctional officer (of whom I reminded of my pains), returned to my cell and instructed me to get ready to see the nurse, Once at the infirmiry I informed the nurse of my condition after having examined my right ear the nurse insisted that there was nothing but soon after flushing my right ear discovered pieces of the now dead cockroach the nurses also saw sores and scratches which could have been the source of my pains, After the flushing was complete the nurse gave me Ibuprofen for my pains and told me the doctor would see me on 12-14-20 That same night of 12-12-20 I was awaken by bleedin from my ear and the same sharp pulsing pain and headaches.

6. Although I was not seen by Dr. Sood on 12-14-20

as promised by the nurse I was brought medication to my cell (V106) on the date of 12-15-20 (ie, Amoxicillin and neomycin & polymyxin B sulfates / 5 mL), when given these medication I was instructed to take the said medication for seven days and that I would be seen by Dr. Sood when the seven days was up, I was never enlightened as to the diagnoses or conclusion Dr. Sood came to for why I should be prescribed the said medication

7. Subsequently I was not seen by Dr. Sood on the date of 12-22-20 when it was said that I would be seen after having taken the medication, After not being seen by medical personel since 12-12-20 I submitted numerous sick calls (medical requests) due to profuse bleeding and drainage in my right ear, I was seen by a Black female nurse (of whom I cannot Idenify at the moment) on 1-1-21, I explained to the nurse that I believed that my right ear was infected, After examination of my right ear I was told by the nurse that the inside of my right ear was so swollen that she could not proper examine my right ear and that I would have to be placed on MDSC. (scheduled to see a Doctor).

8. Four days after the 1-1-21 meeting I had with

medical personel on 1-5-21 I was seen by Dr. sood and explained to him the adverse complications I was suffering from and that I had a loss of hearing when telling Dr. sood this he assured me that my loss of hearing was temporary and that he would again be prescibing me the amoxicillin and neomycin eardrops

9. Following my 1-5-21 meeting with Dr. sood the pains in my right ear increased, this pain was followed by the same bleeding and stinky green discharge I exp -lained to the nurse on 1-1-21; having been exp -eriencing the said complications from mid January to near late febuary by then I had already submitt -d numerous sick calls and request slips and yet stil had not recieved the medication that Dr. sood said he would prescribe, it wasn't until I submitted a grievan in near to late fabuary when I finally recieved the medication on 2-21-21, by then the hearing in my right ear was practically nonexistent.

10. On the date of 3-1-21 I was transferred to Illino River correctional center, as I was not able to bring the said medication with me from stateville/ NR

medication I had recieved on 2-21-21 at Stateville /NRC and as a result was unable to properly take the medication (I was instructed to take the medication for 10 days).

11. Upon my arrival to Illinois River correctional center I immediately made medical personel at IRCC aware of the condition of my right ear and that I was in pain.

12. The next day on the date of 3-2-21 I was seen by a nurse at IRCC and explained the previous medication I was prescribed at stateville / NRC and how I was unable to properly take the medication as instructed and was subsequently prescibed Ibuprofen and eardrops. After my 3-2-21 meeting with medical personel I continued to submit sick calls (medical requests) until on 7-16-21 I eventually had a hearing screening and was referred to a adiologist due to abnormal results on my hearing screening.

13. Plaintiff claims that Dr. Kul sood failed to appropriately respond, detect, diagnose, treat, evaluate

disease or defects to his right ear during the relevant timelines deviating from the objective standard of care and as a result the plaintiff suffered irreversable damage and permanent injury to his right ear and unecessary pain and suffering.

## Inadequate medical care / Sick call procedures

14. In the Northern reception classification center offender orientation manual (cir september 1 2020) per page 9. regar-ding sick calls states "Medical staff walk each unit daily between 3 p.m. and 8 p.m. offenders may sign up for sick calls as medical staff passes their cell location. Offend-ers will be seen in the order the list was created. if not able to be seen the day after he signed up for sick call. he will be placed at the top of the list for the following day. Results from the appointment will deter-mine what medical treatment and follow-up will be provided". That being said although the plaintiff was incarcerated at stateville / NRC for roughly three month (82 days) and submitted numerous sick calls and request forms regarding his serious medical need he had only been seen by a nurse / RN twice and once by a doctor in regards to his injury.

15. Even though the NRC orientation manual set the

basis for how sick calls (medical requests) should be conducted officials employed at stateville/NRC did not execute proce -dures accordingly, and the plaintiff's current condition is a reflection of their carlessness and deliberate indifference.

16. Plaintiff contends that he suffered irreversable damage and permenate injury to his right ear as a resul -t of inadequate medical care and medical care proc -edures employed at stateville/NRC and considering the fact that the plaintiff submitted numerous sick calls and two grievances pertaining his injury shows that officials were in fact aware of the plaintiff's serious medical needs.

<u>VII</u>    Prayer for relief

17. Plaintiff requests an order declaring that the defendants have acted in violation of the united states constitution.

18. Plaintiff request compesatory damages against each defendant Jointly and severally

19. Plaintiff requests punitive damages against each defendant Jointly and severally.

20. Plaintiff also seeks a Jury trial on all issues

triable by Jury!

21. Plaintiff also seeks recovery of his costs in this suit, and

22. Any additional relief this court deems just, proper, and equitable.

Dated: 10-5-21

Respectfully submitted
Dakir Pickens, #Y43924
Illinois River Correctional Center
P.O. Box 999
Canton, IL 61520

Dakir Pickens

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Canton, Illinois on: 10-5-21

IN THE

United States District court
for the Northern District of Illinois

Dakir pickens
Plaintiff/Petitioner

Vs.

Dr. Kul Sood et al
Defendant/Respondent

No. _____

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of the court

TO: _____

PLEASE TAKE NOTICE that at: 12.35 AM/PM ___ on october 5th, 2021, I
placed the documents listed below in the institutional mail at _____
Correctional Center, properly addressed to the parties listed above for mailing through the
United States Postal Service.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury
that I am a named party in the above action, that I have read the above documents, and that
the information contained therein is true and correct to the best of my knowledge and belief.

DATED: 10-5-21

/s/ _____
Name: Dakir Pickens
IDOC No. Y43924
Illinois River Correctional Ctr.
POB _____
Canton , IL

Revised 4/15/16

RECEIVED

DEC - 3 2020

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

JUN 07 2021

| Date: 12-18-20 | Offender: (please print): Dakin Dickens | ID #: Y43924 | Race (optional): Black |
| Present Facility: NRC (V-house) | | Facility where grievance issue occurred: (V-house) NRC (V106) | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [x] Other (specify): conditions of confinement
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

upon information and belief on the date of 12-11-20 @ approximately
8:00 p.m or so while I was sleeping a bug what I seen found out
to be a cockroach crawled into my ear, upon scrambling to get
the vermin out of my ear a piece of the roach became lodged
in my ear causing a sharp pulsing pain in my ear which eventually
began to cause me headaches. when telling the nurse @ med pass
I was given no definite answer as there was an obvious communication

[x] Continued on reverse

Relief Requested:

I am seeking punitive damages as well as monetary relief for suffering and
injuries I've received as a result of the NRC's vermin infestation and also
an injunction for proper steps to be taken to ensure other inmates are
not also injured as a result of the infestation.

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

| Dakin Dickens | Y43924 | 12-15-20 |
| Offender's Signature | ID# | |

**RECEIVED**

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | Date Received: _____ | [ ] Send directly to Grievance Officer |

**JUL 01 2021**

Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**ADMINISTRATIVE REVIEW BOARD**

Response:

Counselor cannot address punitive damages. By grievant's
own admission he was treated for his ear issue. The cell
house is cleaned daily.

offender transferred to Illinois River CC 3/11/21

| Erika White | [signature] | 3/22/21 |
| Print Counselor's Name | Sign Counselor's Name | Date |

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW** Date Received: _____

Is determined to be of an emergency nature?

[ ] Yes, expedite emergency grievance

[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

| _____ | _____ |
| Chief Administrative Officer's Signature | Date |

Page 1 of 2

15

DOC 0046 (Rev. 01/2020)

Distribution: Master File; Offender

Exhibit A

Assigned Grievance #/Institution: _____     Housing Unit: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec: _____                    2nd Lvl rec: _____

barrier; the female correctional officer who was working at the
time (of whom I cannot identify at the moment) quickly told
me that ear cleaning tools were not available at the moment
while instructing me to fill out a request form (which I did). After
being given my sleeping medication I soon woke up to sharp pains
in my ear and a raging headache. I immediately filled out
another request form and first shift officers aware of the pain I
was in at the time. Another female correctional officer (of whom I also
cannot identify at the moment) told me she would get the nurse know
of my pain when she arrives. Upon the nurses arrival I reminded the
female correctional officer of the vermin in my ear and this time I
observed the nurse writing something down while proceeding to
walk away. at that point I was still in pain with pieces of the
dead cockroach & feces in my ear for about twelve hours. On
the night of 12-1-20 as the female correctional officer made her
rounds she told the nurse has put me on a "list which was long"
At approximately 10:00 pm the female correctional officer referred
instructing me to get ready for the nurse while proceeding to take
me the infirmary to see the nurse. once there the nurse routinely
asked me what was wrong while checking my blood pressure. After
telling the nurse of the vermin in my ear the nurse soon checked
my ear soon insisted that there was nothing in my ear but
immediately after flushing my ear discovered pieces of the dead cock-
roach the nurses also saw spots and scratches which could've
been the source of my sharp pains and headaches after the flush
-ing was complete. The nurse gave me ibuprofen for my pains and
told the doctor small see me later on the night of 12-1-20 later on the night
of 12-12-20 I was awoken by bleeding from my ear and the same
sharp pulsing pain and headaches. All the said events can be
confirmed by correctional officers and medical personnel. All of the said
events are also an example of how NRC has failed to protect me from it's
vermin infestation which was a violation of my fourteenth amendment
right and all suffering and injuries I've received as a result raises
a violation of my eighth amendment right to be free from cruel and
unusual punishments because as the court has stated in the case of
Wentworth v. Spillman (1733 F. 2d 799 9th Cir 1985) "holding that hazardous
work environment, inadequate lighting, plumbing, fire safety, unsafe, vermin
-lation and ___ vermin infestation could contribute inhumane
conditions in violation of the eighth amendment."

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | |
|---|---|

Date Received: 06/07/2021    Date of Review: 06/14/2021    Grievance # (optional): N3753

Offender: Pickens, Dakir D.                                    ID#: Y43924

**Nature of Grievance:**

Other

**Facts Reviewed:**

The offender alleges on 12/11/20, while sleeping, a roach entered his ear and a piece became lodged. The offender states his ear was later flushed, discovering pieces of the dead roach, as well as sores / scratches that were likely the cause of his headaches / pains. The offender states that NRC has failed to protect him from its vermin infestation, which violated his 14th Amendment Right. The offender requests punitive damages, as well as monetary relief due to suffering and injuries.

Counselor White states (on 3/22/21) counselor cannot address punitive damages. By grievants own admission he was treated for his ear issue. The cell house is cleaned daily. Offender transferred to Illinois River C.C. 3/1/21.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in Departmental Rule 504, this grievance officer is reasonably satisfied that this grievance be denied. The offender's complaint regarding conditions at Stateville NRC is outside the allowed time-frame and jurisdiction of this facility.

**Recommendation:**

Denied

Jonathan Noble

Print Grievance Officer's Name                          Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | |
|---|---|

Date Received: 10/16/21        ☒ I concur    ☐ I do not concur    ☐ Remand

Action Taken:

Chief Administrative Officer's Signature                          Date 10/16/21

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature        ID# Y43924        Date 6-28-21

Distribution:  Master File; Offender                    Page 1                    DOC 0047 (Rev. 3/2019)
Printed on Recycled Paper

RECEIVED
JUL 01 2021
ADMINISTRATIVE
REVIEW BOARD

16

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Name: Pickens _____ Dakir _____ Y43924 _____
       Last Name                First Name            MI         ID#

**Facility:** Illinois River CC _____

☒ Grievance: Facility Grievance # (if applicable) N3753 _____ Dated: 12/15/2020 _____ or ☐ Correspondence: Dated: _____

Received: 7/1/2021 _____ Regarding: Health 7 Safety; states on 12/11/20 while sleeping, cockroach entered his ear & pieces of it got lodged in
     Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
                                     Date

☐ No justification provided for additional consideration.

**Other** (specify): However, Pickens admitted to have been treated at his request for this issue. No further review. _____

Completed by: Adewale Kuforiji _____                                7/14/2021
              Print Name                               Signature                   Date

ANNEX E

<u>20 ILLINOIS ADMINISTRATIVE CODE</u>                                    CH. I. SEC.504
SUBCHAPTER e

e)    Offenders shall be informed of the grievance procedure at the admitting facility and may request further information
regarding the procedure from their counselors.

   1)    The written procedure shall be available to all offenders.

   2)    An offender unable to speak or read the English language may request that the procedure be explained in the
individual's own language.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

Section 504.820  Grievance Officer

a)    The Chief Administrative Officer shall appoint two or more employees who may serve as a Grievance Officer to
attempt to resolve problems, complaints and grievances that offenders have been unable to resolve through routine
channels.

b)    No person who is directly involved in the subject matter of the grievance or who was a member of the Adjustment
Committee that heard a disciplinary report concerning the grievance may serve as the Grievance Officer reviewing
that particular case.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

Section 504.830  Grievance Procedures

a)    Grievances shall be reviewed and a written response provided to the offender.  Grievances on issues that are
deemed without merit may be returned as denied to the sender without further investigation.  No merit grievances
include grievances that:

   1)    Have previously been addressed for which there is no additional information;

   2)    Are on issues that do not involve or affect the offender;

   3)    Are not filed timely, and for which good cause justification for the delay is not provided; or

   4)    Are decisions previously rendered by the Director.

b)    Grievances alleging discrimination based on disability or a request for an accommodation based upon disability shall
be forwarded to the facility ADA Coordinator.  If deemed an ADA issue, the facility ADA Coordinator shall conduct the
investigation as deemed appropriate and make written recommendations to the Chief Administrative Officer for
resolution of the grievance.

c)    Grievances identified as a Health Insurance Portability and Accountability Act (HIPAA) issue involving the privacy of
medical records, access to medical records, restriction of medical records, or an error in medical records shall be
forwarded to the facility Privacy Officer.  The facility Privacy Officer shall conduct an investigation and make written
recommendations to the Chief Administrative Officer for resolution of the grievance.

d)    An offender may be afforded an opportunity to appear before the Grievance Officer unless the grievance is deemed
without merit.  The Grievance Officer may call witnesses as deemed appropriate.

e)    The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to
the Chief Administrative Officer within two months after receipt of the written grievance, when reasonably feasible
under the circumstances. The Chief Administrative Officer shall review the findings and recommendation and advise
the offender of his or her decision in writing.  Responses to duplicate grievances on issues that are currently being
grieved may be combined in one response.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

Section 504.840  Emergency Procedures

An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief
Administrative Officer.

a)    If there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the
grievance shall be handled on an emergency basis.

b)    If the Chief Administrative Officer determines that the grievance shall be handled on an emergency basis, he or she
shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been
taken.

Dakir Pickens #Y43924

E
Pg 1 of 4

Exhibit E

1.) On the date of 12-11-20 @ aproxitmately
8:00 p.m or so while house at stateville/NRC
(V-house/V10b) as I was sleeping a bug what
I soon found out to be a cockroach
cralwed into my ear.

2) As a nurse on second shift was passing
out medication I immeadiately notified the
nurse and a young Black female correctional
officer that there was a crockroach in my
ear.

3.) At aproximately 10:00 p.m on the date of
12-12-20 Another young Black female correctional
officer came to my cell and instructed me
to get ready to see the nurse.

4.) I wrote a grievance on 12-15-20 and gave
it to the gallery officer when it was time
to collect grievances.

5.) In the month of fobuary of 2021 I recieved confirmation
that the said grievance was recieved and
being processed, But more than two weeks
passed without the grievance being returned to me
with a counselors responss by my counselor

E
Pg 2 of 4

Mrs. Erica white:

6.) I was transfered to IRCC on 3-1-21 without
recieving the counselar's response for grievance
#N3753, despite it being passed the two weeks
that it was supposed to have been processed by
counselar. Erica white and returned to me.

7.) On 5-5-21 after not recieving a status update
on grievance #N3753 I wrote statewik/NRC asking
for the response be sent to my parent facility.
I recieved the grievance (#N3753) with the counselar's
1. via grievance response section completed by counselar white
box/grievance and dated 3-22-21 (again, passed the two weeks
procedure. that it should've been processed and returned)

8.) On 6-20-21 I gave grievance# N3753 to
a IRCC counselar[1] expecting guidance on the
NRC counselar's failure to return said grievance
to me within the two-week standard outlined
in "DR.504", But the IRCC counselar forwarded
it through the grievance office at IRCC Mistakenly.
— as said ~~officer~~ the IRCC counselar who
processed the grievance is relatively new to the
position and did not know that the grievance
must be sent to the ARB upon an inmate transfer.

E
Pg 3 of 4

9.) As far as medical treatment as stated in grievance #N3753 on the date of incident I had to have my ear flushed and was given Ibuprofen and prescribed ear drops due to risk of infection. After having had symptoms like bleeding of the ear and green discharge leaking from my ear I was then prescribed antibiotics. soon I was transfered to IRCC and was still having problems with my hearing and requested to go through a hearing screening I was then told by a nurse that I failed my hearing test was gonna have to be scheduled to see a audioligist.

10.) On the date of 7-14-21 grievance #N3753 was ultimately denied by the Administrative review board, the reason for this denial was that the grievance was not submitted in the timeframe outlined in Department rule 504, This response was confusing considering Section 504.850 of the Illinois Administrative code states "If, after receiving the response of the cheif administrative officer, The offender still believes that the problem, complaint, or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing

71

E
934 of 4

to the Director, the appeal must be recieved by
the Administrative Review board with 30 days
after the date of the decision", That being said
this final decision of grievance # N3753 was
decided on 6-16-21 so that means I had until
7-16-21 to have the grievance recieved by
the Administrative Review Board so since the
grievance (#N3753) was recieved on 7-1-21 I was
well within the 30 day timeframe outlined
in section 504.850 (Hypothetically if we were
to overlook the IRCC & Counselor's mistake
described on page 2)

22