UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dakir Pickens (Y-43924), | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-Cv-05294 |
| v. | ) |
| | ) Hon. Thomas M. Durkin |
| | ) |
| Dr. Kul Sood, | ) |
| Warden David Gomez, | ) |
| | ) |
| Defendants. | ) |

CORRECTED THIRD AMENDED COMPLAINT

Plaintiff, Dakir Pickens, for his complaint against Dr. Kul Sood, Warden David Gomez and Wexford Health Sources Inc., states as follows:

INTRODUCTION

1. This is an action for money damages, declaratory and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988; the Eighteenth Amendment to the United States Constitution; and under the laws of the State of Illinois against Dr. Kul Sood and Warden David Gomez.

JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction of Plaintiff's cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court of the Northern District of Illinois because at least one of the defendants resides in the Northern District of Illinois,

and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Cook County. 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

4. Plaintiff Dakir Pickens is an adult citizen and resident of the Illinois River Correctional Facility at 1300 W Locust St , Canton, IL 61520.

5. Defendant Warden David Gomez is the day-to-day warden at the Stateville Northern Reception & Classification (NRC) Center. He is responsible for all policies and practices at the Stateville Northern Reception & Classification (NRC) Center. This matter is brought against defendant David Gomez in his individual capacity.

6. Defendant Dr. Kul Sood was employed by or under contract with Wexford and working at the Stateville Northern Reception & Classification (NRC) Center at the time of these occurrences. He engaged in the conduct complained of while on duty in the course and scope of his employment or contract with Wexford. He is sued in his individual and official capacities.

## BACKGROUND

7. On the date of December 9, 2020 the plaintiff arrived to Stateville/NRC (Northern reception center) as an offender in the custody of IDOC (Illinois Department of Corrections). After being processed the plaintiff was assigned to cell V106 of Stateville/NRC.

8. On the night of December 11, 2020 while asleep in cell V106 a bug which was later determined to be a cockroach crawled into plaintiff's right ear. Upon scrambling to

remove the vermin out of the ear a piece of the cockroach became lodged in the ear causing a sharp pain which eventually began to cause the plaintiff a headache.

9. The same night (December 11, 2020) at med pass, the Plaintiff notified a female nurse and a Black female correctional officer of the vermin stuck in his right ear. He was told that there was no ear cleaning tools available at the moment and was instructed to fill out a medical request form, which he did.

10. The next morning of December 12, 2020, the Plaintiff was awakened by the same sharp pains and raging headaches. Plaintiff immediately filled out another medical request form and made first shift officers aware of the pain he was in at the time. Another Black female correctional officer told him she would let the nurse know of his pain when she arrived. Upon the nurse's arrival at about 9:00 pm or so, Plaintiff reminded the female correctional of the vermin in his ear. At that point Plaintiff observed the nurse writing something down while proceeding to walk away.

11. At approximately 10:00 p.m., the Black female correctional officer returned to his cell and instructed him to get ready to see the nurse. Once at the infirmary, Plaintiff informed the nurse of his condition. After having examined his right ear, the nurse insisted that there was nothing, but soon after flushing his right ear discovered pieces of the now dead cockroach. The nurses also saw sores and scratches, which could have been the source of his pains.

12. After flushing was complete, the nurse gave him ibuprofen for pain and told him the doctor would see him on December 14, 2020. That same night of December 12, 2020

he was awakened by bleeding from the ear and the same sharp pulsing pain and headaches.

13. Although Plaintiff was not seen by Dr. Sood on December 14, 2020 as promised by the nurse, he was brought medication to his cell (V106) on the date of December 15, 2020 (i.e. amoxicillin and neomycin and polymyxin B sulfates/5mL). When given these medications he was instructed to take the medication for seven days and that he would be seen by Dr. Sood when the seven days was up. He was never enlightened as to the diagnosis of conclusion Dr. Sood came to or why he should be prescribed the medication.

14. Subsequently Plaintiff was not seen by Dr. Sood on the date of December 22, 2020 when it was said that he would be seen after having taken the medication. After not being seen by medial personnel since December 12, 2020, Plaintiff submitted numerous sick calls (medical requests) due to profuse bleeding and drainage in the right ear. Plaintiff was seen by a Black female nurse on January 1, 2021. Plaintiff explained to the nurse that he believed that his right ear was infected. After examination of the right ear Plaintiff was told by the nurse that the inside of his right ear was so swollen that she could not properly examine his right ear and that he would have to be placed on MDSC (scheduled to see a doctor).

15. Four days after the January 1, 2021 meeting Plaintiff had with medical personnel, on January 5, 2021 he was seen by Dr. Sood in which he explained to him the adverse complications Plaintiff was suffering from and that he had a loss of hearing. When

telling Dr. Sood this, Plaintiff was assured that the loss of hearing was temporary and that he would again be prescribing amoxicillin and neomycin eardrops.

16. Following his January 5, 2021 meeting with Dr. Sood the pains in his right ear increased. This pain was followed by the same bleeding and a stinky green discharge. Plaintiff explained to the nurse on January 1, 2021, having been experiencing the said complications from mid-January to near late February. By then he had already submitted numerous sick calls and request forms, and yet still had not received the medication that Dr. Sood said he would prescribe. It wasn't until Plaintiff submitted a grievance in near to late February when he was finally seen by Dr. Sood on February 18, 2021 in which he was told that the medication promised would be provided soon. Plaintiff received said medication on February 21, 2021. By then the hearing in the right ear was practically nonexistent.

17. On the date of March 1, 2021 Plaintiff was transferred to Illinois River Correctional Center. As he was not able to bring the said medication with him from Stateville/NRC due to facility rules, Plaintiff was forced to leave the medication he received on February 21, 2021 at Stateville/NRC and as a result Plaintiff was unable to properly take the medication (He was instructed to take the medication for 10 days).

18. Upon arrival to Illinois River Correctional Center, Plaintiff immediately made medical personnel at IRCC aware of the condition of his right ear and that he was in pain.

19. The next day on the date of March 2, 2021 Plaintiff was seen by a nurse at IRCC, and explained the previous medication was prescribed at Stateville/NRC and how he

was unable to properly take the medication as instructed and was subsequently prescribed ibuprofen and eardrops. After the March 2, 2021 meeting with medical personnel Plaintiff continued to submit sick calls (medical requests) until on July 16, 2021 Plaintiff eventually had a hearing screening and was referred to an audiologist due to abnormal results on the hearing screening.

20.    Plaintiff claims that Dr. Kul Sood failed to appropriately respond, detect, diagnose, treat, evaluate, and refer the plaintiff to a specialist for any disease or defects to his right ear during the relevant timelines deviating from the objective standard of care, and as a result the plaintiff suffered irreversible damage and permanent injury to his right ear and unnecessary pain and suffering.

21.    In the Northern Reception Classification Center Offender Orientation Manual (cir. Sept 1st 2020) per Page 9 regarding sick calls states "Medical staff walk each unit daily between 3:00 pm and 8:00 pm. Offenders may sign up for sick calls as medical staff passes their cell location. Offenders will be seen in the order the list was created. If not able to be seen the day after signed up for sick call, he will be placed on the top of the list for the following day. Results from the appointment will determine what medical treatment and follow-up will be provided". That being said, although the plaintiff was incarcerated at Stateville/NRC for roughly three months (82 days) and submitted numerous sick calls and request forms regarding his serious medical need, he had only been seen by a nurse/RN twice and thrice by a doctor in regards to his injury.

22.    Even though NRC Orientation Manual set the basis for how sick calls (medical requests) should be conducted, officials employed at Stateville/NRC did not execute

6

procedures accordingly, and the plaintiff's condition is a reflection of their carelessness and deliberate indifference.

23. Plaintiff contends that he suffered irreversible damage and permanent injury to his right ear as a result of inadequate medical care and medical care procedures employed at Stateville/NRC and considering the fact that the plaintiff submitted numerous sick calls and two grievances pertaining to his injury calls and two grievances pertaining to his injury shows that officials were in fact aware of the plaintiff's serious medical needs.

## COUNT I

*42 U.S.C. §1983 Against Defendant David Gomez, Warden of the Stateville Northern Reception & Classification (NRC) Center*

24. Plaintiff re-alleges and incorporates by reference ¶¶1-23.

25. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant David Gomez, Warden of the Correctional Center, for violation of Plaintiff's Eighth Amendment constitutional rights under color of law and/or color of authority when, while being held at the Correctional Center under the supervision of Defendant David Gomez, he was denied the right to freedom from cruel and unusual punishment in that Defendant David Gomez personally knew of the roach infestation and allowed that condition to persist by failing to maintain an adequate pest control regiment for the prison. As a result, plaintiff suffer a bite from a roach that resulted in him losing the hearing in his right ear.

## COUNT II

*42 U.S.C. §1983 Against Defendant Dr. Kul Sood*

26. Plaintiff re-alleges and incorporates by reference ¶¶1-25.

27. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Dr. Kul Sood, an employee of or contractor with Wexford, for violation of Plaintiff's Eighth Amendment constitutional rights under color of law and/or color of authority when, while being held at the Correctional Center under Defendant Dr. Kul Sood's medical care, he was denied the right to freedom of cruel and unusual punishment in that Defendant Dr. Kul Sood personally knew of the plaintiff's infected ear, but failed to keep any of the appointments the plaintiff set in order to examine it. The plaintiff was scheduled to see Defendant Kul Sood on February 14, 2020. He did not see Defendant Sood on that date, but on February 15, 2020, he received medications Defendant Sood prescribed, amoxicillin and neomycin and polymyxin B sulfates. The plaintiff was rescheduled to see Defendant Sood on February 22, 2020, seven days after the medication were done. Defendant Sood did not see the plaintiff on that date. He did not see the plaintiff again until January 5, 2021, at which time he prescribed more of the same medications. However, the medications Defendant Sood prescribed were not delivered. The plaintiff saw Defendant Sood again on February 18, 2021, and he told Defendant Sood that he had not gotten the latest prescribed medications. Defendant Sood assured him he would be getting them soon. He got them on February 21, 2021. By now the hearing in that ear was gone. He was scheduled to take these medications for ten days. However, on March 1, 2021, he was transferred to Illinois River Correctional Center, and was unable to take his medications with him.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants' conduct unconstitutional;

C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of Ten Million Dollars ($10,000,000.00) as compensation for the denial of Plaintiff's civil rights to reasonably humane treatment, specifically for Plaintiff's physical discomfort during his ear infection treatment, and as compensation for the total loss of hearing in his right ear.

D. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including, but not limited to, appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

    Respectfully submitted:

    __/s/Larry Redmond_____
    Larry Redmond
    59 West 68th Street
    Chicago, IL 60621
    630-805-0981
    Larry.redmond33@gmail.com
    Attorney #6192358