UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAKIR PICKENS,

Plaintiff,

v.

KUL SOOD and DAVID GOMEZ,

Defendants.

No. 21 C 5294

Judge Thomas M. Durkin

MEMORANDUM OPINION AND ORDER

Dakir Pickens alleges injury from a bug crawling into his ear while he was incarcerated at Stateville prison. He brings claims arising out of that incident against David Gomez, who was the Warden, and Kul Sood, who was a doctor at the prison. Both Gomez and Sood have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(m) for failure to serve process. Both motions are granted.

## Background

Pickens filed this case on October 5, 2021. The Court appointed an attorney for him on February 3, 2022, *see* R. 13, and that attorney entered an appearance on March 21, 2022, *see* R. 15. The attorney filed nine status reports during the course of his representation. *See* R. 18; R. 20; R. 22; R. 24; R. 26; R. 28; R. 30; R. 32; R. 34; R. 37. Each status report noted that "waivers of summons" are "outstanding." The attorney moved to withdraw on February 2, 2024, and the Court granted the motion four days later. R. 45; R. 47. The attorney never accomplished service on any defendant.

A second attorney was appointed on February 6, 2024, *see* R. 47, and that second attorney appeared on March 11, 2024, *see* R. 50. The second attorney moved to withdraw on October 28, 2024, *see* R. 63, and the Court granted that motion on November 6, 2024, *see* R. 64. The second attorney never accomplished service on any defendant.

Pickens's third and current attorney, Lawrence Redmond, was appointed on November 4, 2024, *see* R. 65, and he appeared on November 22, 2024, *see* R. 66. Mr. Redmond has filed responses to motions to dismiss by a third defendant (not Defendants Gomez and Sood) as well as a third amended complaint. Summons were issued for both Defendants Gomez and Sood on November 12, 2025. *See* R. 95. Pickens contends that Sood was served on February 12, 2026. *See* R. 118 at 3. However, there is no executed return of service filed on the docket.

**Analysis**

Federal Rule of Civil Procedure 4(m) requires the Court to dismiss an action if the defendant is not served within 90 days of a complaint being filed, unless the plaintiff shows good cause for the failure, in which case the Court may extend the time for service. Federal Rule of Civil Procedure 12(b)(5) permits dismissal for "insufficient service of process." Both Gomez and Sood seek dismissal on that basis.

Pickens filed his initial complaint against Gomez and Sood in 2021. But summonses were not issued until November 12, 2025, and Pickens never filed an executed return of service on the docket. Without service ever having been

2

accomplished, the 90 day deadline was not met. Pickens does not contend that he can demonstrate good cause for this delay. *See* R. 110; R. 118.

Even absent good cause, the Court retains discretion to dismiss or extend the period of time for service. *See Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021). The Seventh Circuit has explained that some of the factors courts should consider when deciding whether to grant an extension of time for service of process include but are not limited to:

- whether the defendant's ability to defend would be harmed by an extension;
- whether the defendant received actual notice;
- whether the statute of limitations would prevent refiling of the action;
- whether the defendant evaded service;
- whether the defendant admitted liability;
- whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service;
- whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and
- whether the plaintiff diligently pursued service during the allotted period.

*Id.* However, even "if the balance of hardships appears to favor an extension, the district court retains its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." *Id.*

Here, the statute of limitations in this case ran in 2023, nearly three years ago, so dismissal for failure to serve would prevent Pickens from pursuing his claims. Furthermore, Defendants have not identified any specific prejudice to their ability to defend the case.

3

Nevertheless, the lack of diligence to accomplish service by Pickens and his counsel over the course of nearly five years is inexcusable. Although Pickens, through counsel, somewhat regularly filed notices and briefs on the docket, there was a nearly two year period from 2021 to 2023 when the only filings from Pickens were status reports indicating that service had not been accomplished. At no point did Pickens, through counsel, seek an extension to complete service or otherwise inform the Court that there was some reason service was not being accomplished.

Neither Defendant received any notice of this case until 2025. Neither Defendant attempted to evade service. Indeed, they are employees of the State or State contractors who are regularly sued and served. Although Defendants have not identified any particular hardship to the defense caused by this extraordinary delay, witnesses' memories are undoubtedly worse than they were five years ago. The delay caused by Pickens and his counsel has deprived Gomez and Sood of the opportunity to secure whatever evidence would be necessary for their defense. Even absent a specific argument as to missing evidence, five years is simply too long a delay, especially considering the lack of diligence by Pickens and his counsel to attempt service.

The Court cannot say what merit there might be to Pickens's claims. And this dismissal will prevent him from testing the merits of his claims, which is a disfavored outcome. But lawyers "errors in civil proceedings are imputed to their clients." *Ajose v. Gonzales,* 408 F.3d 393, 395 (7th Cir. 2005). This is equally true for counsel appointed to represent incarcerated plaintiffs. *See Harris v. U.S. Department of*

4

*Justice,* 600 F. Supp. 2d 129 (D.D.C. 2009). The lack of diligence here is too great and the delay is too long to be excused, so Pickens's claims must be dismissed.

### Conclusion

Therefore, Gomez's and Sood's motions to dismiss [102] [108] are granted with prejudice.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: July 29, 2026

5